**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **DOLGENCORP OF TEXAS, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:14-cv-00376** |
| | § | |
| **VISION BANK, N.A.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Now before the Court is Defendant Vision Bank N.A.'s ("Defendant") Motion for

Summary Judgment (Dkt. 25) filed on January 29, 2016.  The following responses and related

motions are also pending before the court:

1.  Plaintiff Dolgencorp of Texas, Inc.'s ("Plaintiff") response in opposition to Defendant's motion for summary judgment (Dkt. 38) filed February 19, 2016;

2.  Defendant's reply to Plaintiff's response (Dkt. 42) filed on February 25, 2016.

3.  Plaintiff's amended motion to continue to respond to Defendant's motion for summary judgment (Dkt. 46) filed March 15, 2016;

4.  Defendant's response in opposition to Plaintiff's amended motion to continue to respond (Dkt. 48) filed on March 18, 2016;

5.  Plaintiff's supplemental response to Defendant's motion for summary judgment (Dkt. 47) filed March 15, 2016;

6.  Defendant's reply to Plaintiff's supplemental response to the motion for summary judgment (Dkt. 49).

As set forth below, Plaintiff's amended motion to continue (Dkt. 46) is GRANTED, Defendant's motion to strike (Dkt. 49) is DENIED, and Defendant's motion for summary judgment (Dkt. 25) is GRANTED.[1]

## PROCEDURAL AND FACTUAL BACKGROUND

This suit arises from the collapse or partial collapse of two buildings in the Bonham, Texas town square on May 2, 2013. *See* Dkt. 25 at 1. Defendant owned one of the buildings that suffered a collapse but not the other. *Id.* Defendant's building is located at 109 E. 5th Street in Bonham, Texas and is also known as the Kuecklehahn Building. *See* Dkt. 25-1 at 4. Plaintiff operates a Dollar General store in a building adjacent to the west side of Defendant's building. *Id.* The other collapsed building is adjacent to the east side of Defendant's building. *Id.* The owner of the other building is not a party to this suit. Based on the photographs included in Defendant's motion, it appears that Defendant's building suffered a partial collapse while the other building appears to have suffered a total collapse. *See* Dkt. 25 at 1-2. Plaintiff alleges that Defendant's negligence proximately caused the collapse of its building and that due to the collapse of Plaintiff's building, it was forced to close its Dollar General store from May 3, 2013 until June 4, 2013, causing damages to merchandise and loss of revenue. *See* Dkt. 2 at 2.

Plaintiff filed its Original Petition in the 336th Judicial District Court of Fannin County, Texas, on or about April 11, 2014. *See* Dkt. 2. Defendant filed a notice of removal on June 11, 2014 on the basis of diversity jurisdiction (Dkt. 1). No amended complaint having being filed, Plaintiff's original state court petition (Dkt. 2) is the live complaint in this matter. Defendant filed its motion for summary judgment on January 29, 2016. Pursuant to the Local Rules, the

---

[1]   The Court notes that Defendant's brief in support of its motion (*see* Dkt. 42) expresses objections to certain of Plaintiff's exhibits, which were offered as evidence. However, in ruling on Defendant's motion for summary judgment, the Court does not rely upon any of this contested material beyond identifying Plaintiff's general legal positions. Defendant's objections are, therefore, moot.

due date for Plaintiff's response was February 16, 2016. Plaintiff's response (Dkt. 38) was filed on February 19, 2016, three days after the deadline. On the same date, Plaintiff filed an unopposed motion to continue the trial date set for March 1, 2016 (Dkt. 39). That motion was subsequently granted (*see* Dkt. 41) and a pretrial conference was set for May 3, 2016.[2] *See id.*

On February 22, 2016, Plaintiff filed a motion for continuance to respond to defendant's motion for summary judgment (Dkt. 40), pursuant to Rule 56(d)(2).[3] Plaintiff avers that (at that time) it had not been able to obtain the affidavit of the structural engineer retained by the City of Bonham (the "City") to assess the building collapse. *See* Dkt. 40 at 1-2. On March 5, 2016, this Court issued an order granting Plaintiff until March 10, 2016 to file a supplemental response and allowing Defendant to file a supplemental reply in accordance with the deadlines set forth in the local rules (Dkt. 45). Plaintiff did not file its supplemental response by March 10, 2016 as ordered. Instead, Plaintiff filed an amended motion to continue on March 15, 2016 stating that it still had been unable to obtain the structural engineer's affidavit. *See* Dkt. 46.

Defendant seeks summary judgment of Plaintiff's claims, arguing that there is no evidence of any of the elements of negligence that Plaintiff must prove. In addition, although Plaintiff has not asserted a premises liability cause of action, Defendant also preemptively argues that Plaintiff is unable to show that Defendant was liable based on its duty as a property owner. *See* Dkt. 25. Defendant has also filed a reply in opposition to both the amended motion for continuance (Dkt. 48) and the supplemental response (Dkt. 49) and asks the Court to deny Plaintiff's amended motion for continuance (Dkt. 46) and to strike both the original response

---

[2]    The May 3, 2016 pretrial conference was ultimately cancelled pending the Court's consideration of Defendant's summary judgment motion.

[3]    Rule 56(d)(2) provides that if a nonmovant cannot respond to the motion for summary judgment because it cannot present facts to justify its opposition, the nonmovant should request that the court allow time for the nonmovant to obtain affidavits or declarations or to conduct discovery. *See* FED. R. CIV. P. 56(d)(2).

(Dkt. 38) and the supplemental response (Dkt. 47), as well as any exhibits attached thereto as evidence.

The Court notes that Plaintiff has twice failed to meet its deadlines for responding to Defendant's motion for summary judgment. Plaintiff's first untimely response was filed without explanation for the tardiness and without requesting leave of court to continue its deadline to respond. Then, when permission was granted to file a supplemental response, Plaintiff also missed that deadline, filing a motion to continue five days after the expiration of the deadline. In ruling on defendant's motion for summary judgment, the Court will consider Plaintiff's late-filed response and supplemental response as well as the evidence attached thereto. However, Plaintiff's counsel is cautioned that compliance with court-imposed deadlines is expected and continued failures to comply with deadlines may result in sanctions.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require Submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the

4

affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. Tex. Local R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

### EVIDENCE PRESENTED

In support of its motion, Defendant offers the following summary judgment evidence:

1) Exhibit A: Affidavit of Steven C. Bagwell, President and Chief Lending Officer for Vision Bank, N.A.; and

2) Exhibit B: Excerpts from oral deposition testimony of Bill Jay Shipp, Jr., City Manager of Bonham, provided on July 2, 2015.

*See* Dkts. 25-1-25.2.

Plaintiff has offered the following summary judgment evidence in opposition to Defendant's motion for summary judgment:

1) Plaintiff's original state court petition;

2) Excerpts from oral deposition testimony of Bill Jay Shipp, Jr., City Manager of Bonham, provided on July 2, 2015;

3) Letter to City of Bonham from AG&E Associates, PLLC, Consulting Structural Engineers; and

4) Affidavit of Cody Bain, structural engineer for AG&E Associates, PLLC.[4]

*See* Dkts. 38-1-38-3; 47-4.

## ANALYSIS

Defendant asserts that it is entitled to summary judgment on Plaintiff's negligence claim because there is no evidence of any of the elements that Plaintiff must prove. Plaintiff's original petition sets forth a claim for general negligence. However, Plaintiff's response to Defendant's motion appears to re-characterize its lawsuit as an action for nuisance caused by negligence. *See* Dkt. 38 at 3-5. In either case, Plaintiff must prove the elements of negligence. In Texas, the elements of negligence "are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008); *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). Plaintiff asserts that Defendant had a duty to maintain its building in a manner such that it did not cause interference with Plaintiff's use and operation of its Dollar General store; that Defendant breached its duty to Plaintiff by failing to maintain its building in a manner that would have prevented it from causing interference with Plaintiff's use and operation of its Dollar General store; and that as a direct result of the collapse, Plaintiff has suffered damages. *See* Dkt. 38 at 5-6.

---

[4] The Affidavit of Cody Bain was provided as an exhibit to Plaintiff's supplemental response (Dkt. 47).

According to Defendant, Plaintiff has "mis-pled its [negligence] cause of action" and any potential duty arises from a premises liability cause of action rather than from negligent activity. *See* Dkt. 25 at 5-6. Defendant argues that Plaintiff is unable to prove the elements of either negligence or premises liability. *See* Dkt. 25 at 8. Unlike a negligent activity claim, "a premises defect claim is based on the property itself being unsafe." *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). The essential elements of a premises liability claim are: 1) actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the defendant did not exercise reasonable care to reduce or eliminate the unreasonable risk of harm; and (4) the defendant's failure to use reasonable care to reduce or eliminate the unreasonable risk of harm proximately caused Plaintiff's damages. *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006).

A negligence claim and a premises liability claim both include as an essential element establishment that the plaintiff's injuries were proximately caused by a breach of duty owed by the defendant to the plaintiff. The components of the "proximate cause" element of negligence and premises liability causes of action are "cause in fact and foreseeability." *Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 477-78 (Tex. 1995). "The test for cause in fact is whether the negligent act or omission was a substantial factor in bringing about injury, without which the harm would not have occurred." *Id.* (internal quotation marks omitted). "Cause in fact is not shown if the defendant's negligence did no more than furnish a condition which made the injury possible." *Id*. The alleged negligence must be "the proximate and not the remote, cause of resulting injuries ...." *Id*. (internal quotation marks omitted). Cause is not established if the conduct of the defendant is "too attenuated from the resulting injuries to the plaintiff to be a substantial factor in bringing about the harm." *IHS Cedars Treatment Ctr. of DeSoto v. Mason*,

143 S.W.3d 794, 799 (Tex.2004). Furthermore, "[a] person or company is not responsible for a consequence which is merely possible, according to occasional experience, but a person or company is responsible for a consequence which is probable, according to ordinary and usual experience. To impose responsibility for negligence, it must have been foreseeable that this event or some similar event would result as a natural and probable consequence." *Baylor Med. Plaza Servs. Corp. v. Kidd*, 834 S.W.2d 69, 75 (Tex. App.–Texarkana 1992, writ denied); see also *Tex. Home Mgt., Inc. v. Peavy*, 89 S.W.3d 30, 36 (Tex. 2002) ("Before imposing a duty of care, however, the risk of harm must be foreseeable."); *Doe*, 907 S.W.2d at 477-78 ("Foreseeability requires more than someone, viewing the facts in retrospect, theorizing an extraordinary sequence of events whereby the defendant's conduct brings about the injury.").

Plaintiff has failed to provide evidence to support the necessary elements of a negligence theory or a premises liability theory. The evidence shows that the collapse involved Defendant's building and the building to its east. Plaintiff's building, which is to the west of Defendant's building, appears to have suffered little or no damage. *See* Dkt. 47-2 at 3, Deposition of Bill Shipp [Shipp Depo.]. *See id*. at 3. According to the testimony of Bill Shipp, the Bonham City Manager, "any damage to the Dollar General store was relatively minor." *Id*. "[T]here may have been bricks that fell on the roof … [but] there was no major damage to Dollar General interior or exterior." *Id*. At some point on the evening of the collapse, Oncor, the utility company, was notified and made a decision to disconnect electrical service and to remove the meters. *See* Shipp Depo, Dkt. 25-2 at 5-7. The evidentiary record is unclear as to whether the City or Oncor made the decision to disconnect electrical service and to remove the meters or as to the reasons for the disconnection, but the disruption in electrical service apparently extended to Plaintiff's Dollar General store. *See id*. Then, based on an opinion the City received from

AG&E, a structural engineering consulting firm, (the "AG&E Report") that the remaining portion of the collapsed building should be "safely demolished or stabilized," Mr. Shipp, as City Manager, determined that "it was necessary to close down the Dollar General while this remaining structure was demolished." *See* Dkt. 38-2 at 3.

Plaintiff argues that Defendant breached its duty to Plaintiff by failing to adequately maintain its building. *See* Dkt. 38 at 5. Plaintiff's position is that Defendant should have consulted a professional engineer purely as a preventive measure based on the age of the building. *Id*. at 6. Defendant counters that it acted reasonably and responsibly in its care and maintenance of the building, that an employee of Defendant personally inspected the building when Defendant assumed ownership via foreclosure in mid-2011, that Defendant had the building professionally appraised, and then began marketing the building through a professional realtor. *See* Dkt. 25 at 7-8. During this time, Defendant asserts that no defects or problems were noted or brought to its attention. *See id*. According to Defendant, the building was in good condition, and there was nothing to indicate that the building was at risk or in danger. *See id*. at 8. Defendant offers as evidence the Affidavit of Steven C. Bagwell, its President and Chief Lending Officer along with copies of business records kept in the regular course of business attached thereto. *See* Dkt. 25-2.

The evidence shows that on or about February 9, 2009 Defendant issued a loan, secured by a mortgage on the building, to Mark Ragon. *See* Dkt. 25-1 at 47. Although Defendant provides no documentation regarding the foreclosure proceedings, several documents in the record establish that Defendant was the owner of the building at least as early as September 2011. For example, a Property Search report indicates that the building was transferred from Mark Ragon to Vision Bank, N.A. by Substitute Trustee Deed on September 15, 2011. *See* Dkt.

25-1 at 14.  An independent appraisal of the building was conducted on August 24, 2011 for the purpose of estimating the "as is" market value of the property.  *See* Dkt. 25-1 at 31.  According to the appraisal report, the Defendant's building was built in 1875 and renovated in the 1990s. *See id*.  The building, a two-story commercial building being used as a retail/office building, is also zoned "Heritage District" by the City of Bonham.  *See id*. at 33-34.  The appraisal report opines that the building is of "average" construction, that it "adequately" functions as a freestanding retail/office building, and that it was in "average" condition.  *See id*. at 35.  On October 6, 2011, Defendant entered into a brokerage agreement with Virginia Cook Realtors to sell the building.  *See* Dkt. 25-1 at 16-24.  The listing price was $99,500.00.  *See id*. at 17.  In paragraph 12.B.(2) of the brokerage agreement, the Seller (Defendant) represents that it is not aware of any material defects in the building.  *See id*. at 21.  The record indicates that Virginia Cook Realtors conducted an agent tour, as well as a number of showings of the building.  *See id*. at 11, 29.

The only evidence Plaintiff offers that even remotely supports its theory of liability against Defendant is the AG&E Report,  which opines that the "collapse of the existing building structure was direct result of insufficient lateral bracing of the load bearing brick walls from the floor and roof diaphragms."  *See* Dkt. 38-3.  The AG&E Report states that the opinions contained therein were "based on [] visual observations" and that no "as-built surveys or any material testing or calculations were performed" during its investigation.  *See id*.  Thus, the report was based purely on visual observation of the after-effects of the collapse.  The Court also notes that the report is not entirely clear in that it fails to precisely and consistently distinguish the three buildings involved, i.e., Defendant's building, Plaintiff's building, and the non-party's building to the east of Defendant's building.  For example, the AG&E Report's reference to

"existing building structure" appears to jointly refer both to Defendant's partially collapsed building and the non-party's totally collapsed building. *See id.* However, the report also references the "partially collapsed structure above The Dollar General Store," which appears to refer only to Defendant's building. *See id.* The AG&E Report recommends that the "partially collapsed structure be safely demolished or stabilized prior to allowing occupants in the existing Dollar General Store." *See id.*

Notably the AG&E Report does not opine that the owner of either of the collapsed (or partially collapsed) buildings was negligent, or that anything could have or should have been done to prevent the collapse. *See id.* In fact, the report states that since the "remaining plaza buildings seem to have all the characteristics of the building that collapsed," they should be "further investigated by a qualified Professional Engineer, licensed in the State of Texas to ensure their safety." *See id.* In other words, it seems that the collapse could have just as probably occurred to any of the buildings in the plaza, including Plaintiff's building.

Plaintiff offers no other factual or legal support for its position that since the two buildings failed, Defendant must have done something wrong. There is nothing to show that the building collapse, and the resulting harm suffered by Plaintiff, was probable, rather than merely possible. *See Baylor*, 834 S.W.2d 69 at 75. Plaintiff also offers no evidence or legal authority to support its position that Defendant had a duty to defensively inspect its Building for "structural integrity" or that there was a standard of care requiring it do so. *See* Dkt. 38 at 5-6. As explained above, the imposition of a duty of care requires that "the risk of harm must be foreseeable." *Tex. Home Mgt., Inc.*, 89 S.W.3d at 36. Furthermore, "viewing the facts in retrospect" and "theorizing an extraordinary sequence of events whereby the defendant's conduct brings about the injury" fails the legal standard of foreseeability. *See Doe*, 907 S.W.2d at 477-

78.     Thus, Plaintiff's reliance on what AG&E observed *after* the collapse is insufficient to support Plaintiff's theory of negligence.

Plaintiff has failed to prove by a preponderance of the evidence that Defendant breached any duty owed to Plaintiff.  Nor has it shown that anything Defendant did or failed to do, or that any condition on Defendant's premises, proximately caused its injury.  Thus, neither the "foreseeability" element nor the "cause-in-fact" element of proximate cause is satisfied by any summary judgment evidence offered by Plaintiff.  Plaintiff has also failed to show that Defendant had actual or constructive knowledge of any unreasonable defective condition in its building.  "[T]he burden on the moving party may be discharged by 'showing' – that is, pointing out ... – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2554.  Plaintiff has not satisfied its burden of proof and Defendant is thus entitled to judgment as a matter of law.

## CONCLUSION

For these reasons, Plaintiff's amended motion to continue (Dkt. 46) is **GRANTED**, Defendant's motion to strike (Dkt. 49) is **DENIED**, and Defendant's Motion for Summary Judgment (Dkt. 25) is **GRANTED**.

IT IS THEREFORE ORDERED that Plaintiff Dolgencorp of Texas, Inc.'s claims against Defendant Vision Bank, N.A. are **DISMISSED** in their entirety and Plaintiff shall take nothing by his claims.

**SO ORDERED**.
**SIGNED this 3rd day of August, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE